# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALL FUNDS FROM TRUIST BANK ACCOUNT )<br>NUMBER xxxxxxxx6832, IN THE NAME OF )<br>ANNE W. WARREN; )<br>)<br>ALL FUNDS FROM TRUIST BANK ACCOUNT )<br>NUMBER xxxxxxxx4741, IN THE NAME OF )<br>WARREN MANAGEMENT, LLC; )<br>)<br>ALL FUNDS FROM REGIONS BANK )<br>ACCOUNT NUMBER xxxxxx9174, IN THE )<br>NAME OF ANNE WHITEHEAD WARREN )<br>)<br>ALL FUNDS FROM REGIONS BANK )<br>ACCOUNT NUMBER xxxxxx5106, IN THE )<br>NAME OF ANNE WHITEHEAD WARREN; )<br>)<br>ALL FUNDS FROM PINNACLE BANK )<br>ACCOUNT NUMBER xxxxxxxx0757, IN THE )<br>NAME OF WARREN MANAGEMENT, LLC; )<br>)<br>ALL FUNDS FROM PINNACLE BANK )<br>ACCOUNT NUMBER xxxxxxxx2250, IN THE )<br>NAME OF ANNE C. WARREN AND VANDEN )<br>W. WARREN CONSTRUCTION ACCT.; )<br>)<br>ALL FUNDS FROM PINNACLE BANK )<br>ACCOUNT NUMBER xxxxxxxx9582, IN THE )<br>NAME OF ANNE W. WARREN TAX )<br>ACCOUNT; )<br>)<br>ALL FUNDS FROM PINNACLE BANK )<br>ACCOUNT NUMBER xxxxxxxx8832, IN THE )<br>NAME OF VANDEN C. WARREN AND ANNE )<br>W. WARREN; )<br>)<br>ALL FUNDS FROM FIRST HORIZON BANK )<br>ACCOUNT NUMBER xxxx7445, IN THE NAME )<br>OF JORDAN HANEY, TIFFANY HANEY; )<br>)<br>ALL FUNDS FROM FIRST HORIZON BANK )<br>ACCOUNT NUMBER xxxxxxxx9106, IN THE )<br>NAME OF HANEY CONSULTING, LLC; ) | CASE NO. 3:26-CV-<u>101</u><br><br>JUDGES: _____ |

| | |
|---|---|
| ALL FUNDS FROM FIRST HORIZON BANK ACCOUNT NUMBER xxxxxxxx1005 IN THE NAME OF TIFFANY HANEY, DBA HANEY RENTALS; | ) ) ) ) ) |
| ALL FUNDS FROM RAYMOND JAMES INVESTMENT ACCOUNT IN THE NAME OF ANNE WARREN; | ) ) ) ) |
| ALL FUNDS FROM ROBERT BAIRD INVESTMENT ACCOUNT IN THE NAME OF TIFFANY HANEY; | ) ) ) ) |
| 2024 GMC SIERRA 1500 DENALI, VIN: 1GTUUHEL7RZ274473, TITLED TO HANEY CONSULTING, LLC; | ) ) ) ) |
| 2023 CADILLAC ESCALADE, VIN: 1GYS4DKL9PR224976, TITLED TO HANEY CONSULTING, LLC; | ) ) ) ) |
| PERSONAL WATERCRAFT (PWC) BOAT, HIN: SERV2340E121, IN THE NAME OF VANDEN WARREN; | ) ) ) ) |
| PERSONAL WATERCRAFT (PWC) PONTOON BOAT, HIN: BDF15549B323, IN THE NAME OF TIFFANY HANEY; | ) ) ) ) ) |
| $385,850.51 NET PROCEEDS FROM SALE OF REAL PROPERTY LOCATED AT 2099 BLUE IRIS WAY, SEVIERVILLE, TN 37876; | ) ) ) ) ) |
| REAL PROPERTY LOCATED AT 962 VICAR LANE, KNOXVILLE, TN 37919; | ) ) ) |
| REAL PROPERTY LOCATED AT 1104 PARK HILL CIRCLE, KNOXVILLE, TN 37909; | ) ) ) ) |
| REAL PROPERTY LOCATED AT 1508 REGIMENT WAY, KNOXVILLE, TN 37922; | ) ) ) ) |
| REAL PROPERTY LOCATED AT 8912 BRAITHWAITE LANE, KNOXVILLE, TN 37922; and | ) ) ) ) |

| | |
|---|---|
| REAL PROPERTY LOCATED AT<br>4702 FINLEY RIDGE LANE,<br>KNOXVILLE, TN 37921,<br><br>        Defendants. | )<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, and Daniel P. Nugent, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1. In this *in rem* civil action, the United States of America seeks forfeiture of defendant properties as set forth below.

## THE DEFENDANT *IN REM*

2. The United States seeks forfeiture of the following defendant properties and real properties with all buildings, appurtenances, improvements, and attachments thereon, which are more fully identified and more particularly described below:

**Bank Accounts**

(a) All funds from Bank of Truist Bank Account Number xxxx6832, in the name of ANNE W. WARREN;;

(b) All funds from Truist Bank account number xxxx4741, in the name of WARREN MANAGEMENT, LLC;

(c) All funds from Regions Bank account number xxxx9174, in the name of ANNE WHITEHEAD WARREN;

3

(d)        All funds from Regions Bank account number xxxx5106, in the name of ANNE WHITEHEAD WARREN;

(e)        All funds from Pinnacle Bank account number xxxx0757, in the name of WARREN MANAGEMENT, LLC;

(f)        All funds from Pinnacle Bank account number xxxx2250, in the name of ANNE C. WARREN AND VANDEN W. WARREN CONSTRUCTION ACCT.;

(g)        All funds from Pinnacle Bank account number xxxx9582, in the name of ANNE W. WARREN TAX ACCOUNT;

(h)        All funds from Pinnacle Bank account number xxxx8832, in the name of VANDEN C. WARREN and ANNE W. WARREN;

(i)        All funds from First Horizon Bank account number xxxx7445, in the name of JORDAN HANEY, TIFFANY HANEY;

(j)        All funds from First Horizon Bank account number xxxx4229106, in the name of HANEY CONSULTING, LLC; and

(k)        All funds from First Horizon Bank account number xxxx1005 in the name of TIFFANY HANEY, dba HANEY RENTALS.

**Investment Accounts**

(a)        All funds from Raymond James investment accounts in the name of ANNE WARREN; and

(b)        All funds from Robert Baird investment accounts in the name of TIFFANY HANEY.

**Vehicles**

(a)        2024 GMC Sierra 1500 Denali, VIN: 1GTUUHEL7RZ274473, titled to HANEY CONSULTING, LLC; and

(b)        2023 Cadillac Escalade, VIN: 1GYS4DKL9PR224976, titled to HANEY CONSULTING, LLC.

**Personal Watercraft**

(a) Personal watercraft (PWC) Boat, HIN: SERV2340E121, in the name of VANDEN WARREN; and

(b) Personal watercraft (PWC) Pontoon Boat, HIN: BDF15549B323, in the name of TIFFANY HANEY.

**U.S. Currency**

$385,850.51 net proceeds from the sale of the Real Property located at 2099 Blue Iris Way, Sevierville, TN 37876

**Real Property**

(a) **The real property located at 962 Vicar Lane, Knoxville, TN 37919, with all appurtenances, improvements, and attachments thereon.**

Situated in District No. Six (6) of Knox County, Tennessee, and without the corporate limits of the City of Knoxville, being Lot 12, Westland Forest Subdivision, Unit 3, as shown by plat of same of record in Instrument 200803130068538, in the Register's Office for Knox County, Tennessee, to which plat reference is hereby made for a more particular description of said property.

Being the same property conveyed to Sarah E. Helms, unmarried by Warranty Deed from Wesley P. Davis and wife, Katie Garrett Davis, dated June 28, 2013, and of record in Instrument 201307010000068, in the Register's Office for Knox County, Tennessee.

For further reference see deed recorded on November 22, 2021, Instrument No. 202111220041789 in the Register of Deeds for Knox County, Tennessee conveying the real property to Tiffany L. Haney and Christopher J. Haney.

(b) **The real property located at 1104 Park Hill Circle, Knoxville, TN 37909, with all appurtenances, improvements, and attachments thereon.**

Situated in District No. 5 of Knox County, Tennessee, and within the 46th Ward of the City of Knoxville, Tennessee, and being known and designated as all of Lot 50, West Hills Park Addition, Unit 1, as shown on the map of the same of record in Map Book 26, Page 146 (Map Cabinet C, Slide 210-B), in the Knox County Register's Office, to which map specific reference is hereby made for a more particular description.

Being the same property conveyed to Kurian Barbosa and Hannah Ferguson Barbosa, husband and wife by Deed dated February 2, 2024 from Hannah Ferguson Barbosa f/k/a Hannah E. Ferguson and Kurian Barbosa, wife and husband, recorded

5

February 6, 2024, as Instrument Number 202402060037669, in the Official Records of Knox County; Tennessee.

For further reference see deed recorded on February 6, 2024, as Instrument No. 202402060037670 in the Register of Deeds for Knox County, Tennessee conveying the real property to Tabitha Roper, Unmarried.

(c) **The real property located at 1508 Regiment Way, Knoxville, TN 37922, with all appurtenances, improvements, and attachments thereon.**

SITUATED in District No. Six (6) of Knox County, Tennessee, and without corporate limits, and being know and designated as all of Lot 8-R of Harpers Cove Resubdivision of Lots 8 and 9, as shown by map of the same of record in Instrument No. 202006230085976, in the Register's for Knox County, Tennessee, to which plat specific reference is hereby made for a more particular description.

TOGETHER with and subject to Declaration of Joint Permanent Easement, dated November 28, 2018, and of record in Instrument No. 201811230033123, in the Register's Office for Knox County, Tennessee.

Being all of the same property conveyed to Michael Stephens, Jr. and wife, Janine Stephens from Mesana Investments, LLC, a Tennessee Limited Liability Company by deed of record dated 7/17/2019 in Instrument No. 201907220004887 in the Register of Deeds Office for KNOX County, Tennessee.

For further reference see deed recorded on August 24, 2020, as Instrument No. 202008240015375 in the Register of Deeds for Knox County, Tennessee conveying the real property to Craig Warren and wife, Anne Warren.

(d) **The real property located at 8912 Braithwaite Lane, Knoxville, TN 37922, with all appurtenances, improvements, and attachments thereon.**

**Parcel: 145IC-075 - 8911 Bartlett Lane, Knoxville, Tennessee 37922**

Situated in District No. Six (6) of Knox County, Tennessee, and being known and designated as all of Lot 75, Hemingway Grove of Whittington Creek Subdivision, as shown by map of same of record in Map Cabinet 0, Slide 26B, in the Register's Office for Knox County, Tennessee, to which map specific reference is hereby made for a more particular description.

Being the same property was conveyed to Mohammad S. Ammar and wife Manal Ramadan by Deed from Nicholas N. Ibrahim and wife Rebecca J. Ibrahim, dated June 15, 2012, and of record in Instrument 201206200072394, in the Register's Office for Knox County, Tennessee.

**Parcel: 145IC-080 - 8912 Braithwaite Lane, Knoxville, Tennessee 37922**

Situated in District No. Six (6) of Knox County, Tennessee, and being known and designated as all of Lot 80, Hemingway Grove of Whittington Creek Subdivision, as shown by map of same of record in Map Cabinet 0, Slide 26B, in the Register's Office for Knox County, Tennessee, to which map specific reference is hereby made for a more particular description.

Being the same property was conveyed to Mohammad S. Ammar and wife Manal Ramadan by Deed from Nicholas N. Ibrahim and wife Rebecca J. Ibrahim, dated June 15, 2012, and of record in Instrument 201206200072396, in the Register's Office for Knox County, Tennessee.

For further reference see deed recorded on January 21, 2020, as Instrument No. 202001210048005 in the Register of Deeds for Knox County, Tennessee conveying the real property to Tiffany L. Haney and husband, Christopher J. Haney.

(e) **The real property located at 4702 Finley Ridge Lane, Knoxville, TN 37921, with all appurtenances, improvements, and attachments thereon.**

Land in Knox County, Tennessee, being Lot No. 47R on the Plan of Final Plat of Cain Vista Subdivision, Phase 2, Resubdivision of Lots 40-44 & 47, Cain Vista Subdivision, Phase 1, Resubdivision of Lot 45R2, of record in Plat at Instrument No. 202308310011681, in the Register's Office for Knox County, Tennessee, to which Plan reference is hereby made for a more complete description of the property.

Being a portion of the same property conveyed to Elite Construction, LLC, a Tennessee Limited Liability Company by Warranty deed from Aleksandr Botezat and wife, Dana Botezat of record in Instrument No. 202108260016389 Register's Office for Knox County, Tennessee, dated August 06, 2021 and recorded on August 26, 2021 and as corrected by Scrivener's Affidavit of record in Instrument No. 202212120034204.

Being a portion of the same property conveyed to D.R. Horton, Inc., a Delaware corporation by Warranty deed from Elite Construction, LLC, a Tennessee limited liability company of record in Instrument No. 202305170061695 Register's Office for Knox County, Tennessee, dated May 17, 2023 and recorded on May 17, 2023.

For further reference see deed recorded on May 20, 2024, as Instrument No. 202405200057709 in the Register's Office for Knox County, Tennessee conveying the real property to Tina Roper.

3. The defendant real properties have not been seized but are within the jurisdiction of the Court pursuant to 28 U.S.C. § 1355(b)(1)(A). The United States does not request authority from the Court to seize the defendant real properties at this time. The United States will, as provided by 18 U.S.C. § 985(b)(2) and (c)(1):

   a. post notice of this action and a copy of the Verified Complaint *In Rem* on the defendant real properties;

   b. serve notice of this action on the record owner of the defendant real properties, and any other person or entity who may claim an interest in the defendant real properties, along with a copy of this Verified Complaint *In Rem*;

   c. execute a writ of entry for purposes of conducting an inspection and inventory of the defendant real properties; and

   d. file a notice of *lis pendens* in the county records where the defendant real properties are located.

4. The currency seized from the bank and investment accounts are currently on deposit in an account under the control of the United States Marshals Service ("USMS"). The vehicles and personal watercraft are in the custody of the USMS.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the defendant properties pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture of the defendant properties occurred in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district. Additionally, venue is proper

in regard to the currency and vehicle, pursuant to 28 U.S.C. § 1395(b) because the properties are located in this district.

8. Upon the filing of this complaint, the plaintiff requests that the Clerk issue a Warrant of Arrest *in Rem* pursuant to Supplemental Rule G(3)(b)(i) for the currency, personal watercraft and vehicles. The plaintiff will execute the warrant upon the defendant properties pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

## BASIS FOR FORFEITURE

9. The United States of America seeks forfeiture of the defendant properties pursuant to:

   a) 18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1349;

   b) 18 U.S.C. § 981(a)(1)(A), which authorizes forfeiture of any property, real or personal, involved in a transaction or attempted transaction in violation 18 U.S.C. §§ 1956 and/or 1957, or any property traceable to such property; and

   c) 18 U.S.C. § 981(a)(1)(C), which authorizes forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense.

10. Pursuant to 18 U.S.C. § 981(f), all right, title and interest in the defendant properties became vested in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

11. As set forth in detail in the Affidavit of Special Agent Emily Celeste of the Federal Bureau of Investigation the Government's investigation has determined that funds in each of the Bank and Investment accounts listed above were derived from proceeds traceable to violations of

9

specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(F), specifically conspiracy to commit health care fraud under 18 U.S.C. § 1349. As such, the traceable portion of the funds in the Bank and Investment Accounts, Vehicles and Real Properties are subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

12. Additionally, the Spending Statute: 18 U.S.C. § 1957 provides in relevant part that "[w]hoever . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity" shall be guilty of a federal offense. Because the offense consists of spending the proceeds of specified unlawful activity, § 1957 is sometimes referred to as the Spending Statute. Violations of § 1957 are considered money laundering offenses.

13. As such, in addition to the directly traceable portion of health care proceeds to the defendant properties there is also probable cause to believe that the entirety of the Subject Bank Accounts, Subject Investment Accounts, Subject Vehicles and Real Property are involved in money laundering activity in violation of 18 U.S.C. §§ 1956 and 1957 and as such are subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A), and 981(a)(1)(C). the defendant properties were derived from proceeds traceable to violations of specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(F), specifically conspiracy to commit health care fraud under 18 U.S.C. § 1349 and derived from proceeds traceable to and involved in 18 U.S.C. §§ 1956 and 1957. The owners of the defendant properties, engaged in violations of health care fraud, in the Eastern District of Tennessee, and laundered the proceeds obtained from that same wire fraud.

14. The defendant properties are subject to forfeiture to the United States in accordance with 18 U.S.C. §§ 981(a)(1)(A), and 981(a)(1)(C).

## CLAIM FOR RELIEF

15. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 14 above.

## PRAYER FOR RELIEF

16. Wherefore, the United States of America prays that:

   (a) The Clerk issue a Warrant for Arrest *In Rem* for the currency, vehicles and the personal watercraft;

   (b) Defendant properties be condemned and forfeited to the United States of America in accordance with the provisions of law;

   (c) Notice of this action be given to all persons known or thought to have an interest in or right against the defendant properties; and

   (d) Plaintiff be awarded its costs in this action and for such other necessary and equitable relief as this Court deems proper.

Respectfully submitted,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: *s/Daniel P. Nugent*
DANIEL P. NUGENT
Assistant United States Attorney
DC Bar No. 499927
800 Market Street, Suite 211
Knoxville, Tennessee 37902
daniel.nugent@usdoj.gov
(865) 545-4167

## VERIFICATION

I, Emily Celeste, Special Agent, Federal Bureau of Investigation, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers, as well as my investigation of this case with the Federal Bureau of Investigation.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this __10__ day of March, 2026.

_____
Emily Celeste
Special Agent
Federal Bureau of Investigation