| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:26-cv-101-TAV-JEM |
| | ) | |
| ALL FUNDS FROM TRUIST BANK | ) | |
| ACCOUNT 6832, in the name of | ) | |
| Anne W. Warren, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the government's motion to stay this civil forfeiture proceeding [Doc. 7]. Specifically, the government moves to stay this civil forfeiture proceeding pursuant to 18 U.S.C. § 981(g)(1), as incorporated by 21 U.S.C. § 881(i),[1] on the basis that civil discovery at this time will adversely affect the ability of the government to conduct a related criminal investigation, and provide improper opportunities for a claimant to ascertain prematurely the details of the ongoing criminal case [*Id.*].

Section 981(g)(1) states that "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will

---

[1] Although the government's motion states that it is premised on § 881(i)'s incorporation of § 981(g)(1), the Court notes that § 881(i) states that "[t]he provisions of section 981(g) of Title 18 regarding the stay of civil forfeiture proceeding shall apply to forfeitures under this section." 21 U.S.C. § 881(i). But the complaint in rem states that the basis for forfeiture of the properties is 18 U.S.C. § 981(a)(1)(A) and (C) [Doc. 1 ¶ 9]. Accordingly, it does not appear that this forfeiture proceeding is proceeding under 28 U.S.C. § 881, and therefore, it is unclear to the Court how § 881(i)'s incorporation of § 981(g) would be applicable. The Court therefore construes the government's motion as proceeding under § 981(g)(1).

adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1).

The statute defines "related criminal case" and "related criminal investigation" as "an actual prosecution or investigation in progress at the time of which the request for the stay, or any subsequent motion to lift the stay is made." 18 U.S.C. § 922(g)(4). Further, "[i]n determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." *Id.*

"When requesting a stay under section 981(g)(1), the [sic] 'the government must make an actual showing regarding the anticipated adverse [e]ffect that civil discovery will have on the criminal investigation.'" *U.S. v. Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars and Seventy Two Cents ($463.497.72) in U.S. Currency*, 604 F. Supp. 2d 978, 982 (E.D. Mich. 2009) (quoting *United States v. GAF Fin. Servs., Inc.*, 335 F. Supp. 2d 1371, 1373 (S.D. Fla. 2004)). Courts have acknowledged that "where civil discovery would subject the government's criminal investigation to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding, a stay should be granted." *United States v. Two Hundred Eighty-Four Thousand Nine Hundred Forty-Two and 00/100 Dollars ($284,942.00) in United States Currency*, No. 1:19-cv-736, 2020 WL 8514829, at *2 (S.D. Ohio Dec. 10, 2020) (internal alterations and quotation marks omitted).

2

Here, the government has not met its burden of an actual showing of the anticipated adverse effects of civil discovery on any pending criminal investigation or related criminal case.  In fact, the government has not even identified any alleged related pending criminal investigation or criminal case.  Rather, the government has provided the Court with nothing more than vague assertions that such a related pending investigation or case exists and would be impacted by civil discovery in this case.  Such is insufficient to warrant a stay of this civil forfeiture action.  The government's motion to stay [Doc. 7] is therefore **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3